IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LEON D. JACKSON, ) | Case No. 1:19-cv-2404 |
| ) | |
| Petitioner, ) | JUDGE BENITA Y. PEARSON |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| DONNIE MORGAN, WARDEN, ) | |
| ) | |
| Respondent. ) | **REPORT AND** |
| ) | **RECOMMENDATION**[1] |

    Leon Jackson and Ronzell Haynesworth followed Ramzi and Sabrino Hasanain home from the casino after watching the Hasanains win money gambling. In the Hasanain's driveway, Haynesworth used a gun to hit Ramzi Hasanain several times in the face and robbed the Hasanains of $6,500 cash. Jackson then drove them away. For his role in the offense, a Cuyahoga County, Ohio jury found Jackson guilty of aggravated robbery. And he was sentenced to 8 years' imprisonment.

    Jackson, *pro se*, now seeks a writ of habeas corpus under 28 U.S.C. § 2254, on the single ground that the state failed to adduce sufficient evidence to support his conviction. ECF Doc. 1 at 4; ECF Doc. 1-1 at 5-11. Specifically, Jackson argues that no reasonable juror could find that he had possessed, displayed, or used a deadly weapon in the theft (a required element of aggravated robbery) when: (1) the evidence showed only that *Haynesworth* had or used a gun;

---

[1] This matter is before me by an automatic order of reference under Local Rule 72.2 for preparation of a report and recommendation. Chief Judge Patricia A. Gaughan also issued a differential case management initial order for administrative track cases reflecting the automatic order of reference. ECF Doc. 4.

and (2) the jury acquitted him on related firearms specifications. ECF Doc. 1-1 at 9-11. Respondent Warden Donnie Morgan filed a return of writ, asserting that Jackson's claim was procedurally defaulted and meritless. ECF Doc. 8. Because I agree that Jackson's claim is procedurally defaulted and meritless, I recommend that the Court DISMISS Jackson's sufficiency-of-the-evidence claim and DENY his petition for writ of habeas corpus.

I.  **State Court History**

    A.    **Trial Court**

On September 8, 2016, a Cuyahoga County, Ohio grand jury returned an indictment, charging Jackson with a single count of aggravated robbery, in violation of Ohio Rev. Code § 2911.01(A)(1). ECF Doc. 8-1 at 5. The indictment also included one- and three-year firearm specifications under Ohio Rev. Code §§ 2941.141(A) and 2941.145(A). ECF Doc. 8-1 at 5. The case proceeded to a jury trial on January 9, 2017. ECF Doc. 8-1 at 223. At trial:

> Haynesworth testified that Jackson was driving the car used in the robbery. Haynesworth and Jackson [were] seen on surveillance video "casing" the victims in the casino and leaving the casino in the Mazda. Furthermore, the victims testified that Haynesworth had a gun in his right hand during the robbery.

ECF Doc. 8-1 at 123-24. Before closing arguments, the trial court gave the following instructions to the jury:

> Before you can find Leon Jackson guilty of aggravated robbery, you must find beyond a reasonable doubt that on or about August 23rd, 2016, in Cuyahoga County, that the defendant did in attempting or committing a theft offense or in fleeing immediately after a theft attempt or offense upon Ramzi Hasanain have a deadly weapon, namely a firearm, on or about his person or under his control, and that he displayed the weapon, brandished it, indicated that he possessed it, or used it.
>
> * * *
>
> Two or more people may have joint possession if together they have the ability to control it exclusive of others. And I want you to know that for possession,

ownership is not necessary. A person may possess or control property that belongs to someone else.

Now, for the charge of aggravated robbery, the State of Ohio has charged Leon Jackson as not only a principal offender but also as a person who is complicit in the crime by aiding and abetting another, namely Ronzell Haynesworth, in committing the crime while acting with the mental state required to commit the crime. If you find then that Leon Jackson is not guilty of aggravated robbery as a principal offender, then you should consider whether he is guilty of complicity. Before you can find Leon Jackson guilty of complicity, you must find beyond a reasonable doubt that he knowingly aided or abetted another to commit the crime charged in Count 1, the only count of the indictment, aggravated robbery.

* * *

A person who is complicit is regarded as if he were the principal offender and is as guilty as if he personally performed every act constituting the crime. This is true even if the person was not present at the time the crime was committed. And, by the way, complicity applies to the specs as well.

When two or more people have a common purpose to commit a crime or crimes, and one person does a part and a second person does another part, those acting together have the purpose and knowledge required for the offense charged.

But the mere physical presence of a person during the commission of a criminal offense does not in and of itself constitute aiding and abetting or complicity if that person did not act in furtherance of the crime.

ECF Doc. 8-5 at 86-88.

On January 13, 2017, the jury returned a verdict finding Jackson guilty of aggravated robbery.[2] ECF Doc. 8-1 at 32, 223. The jury found Jackson not guilty of the firearm specifications. ECF Doc. 8-1 at 32, 223. And on February 9, 2017, the state trial court

---

[2] Jackson was also found guilty of aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(3), which the trial court noted was an "additional count at trial under Criminal Rule 6(D)." ECF Doc. 8-1 at 32, 34; ECF Doc. 8-1 at 116 n.1. At sentencing, the additional count merged with the single count of aggravated robbery set out in the indictment. Thus, Jackson has not been "convicted" of that additional count under Ohio law and this court has no jurisdiction to entertain a challenge to it. *See Smith v. Coleman*, 521 F. App'x 444, 449 (6th Cir. 2013) (Under Ohio law, a "conviction" occurs only when a defendant is both adjudged guilty *and* sentenced.); *Bowling v. White*, 694 F. App'x 1008, 1011 (6th Cir. 2017) (Under 28 U.S.C. § 2254(a), this court has jurisdiction only to entertain habeas claims raising challenges to *convictions* for which the petitioner is in state custody.).

sentenced Jackson to a prison term of eight years to be followed by five years' post release control. ECF Doc. 8-1 at 34.

### B. Direct Appeal

On March 8, 2017, Jackson, through new counsel, filed a notice of appeal to the Ohio Court of Appeals. ECF Doc. 8-1 at 37. Jackson asserted four assignments of error:

I. The Jury's Unanimous Acquittal of Defendant on Two Firearm Specifications Is Inconsistent with a Finding of Guilt for Aggravated Robbery, Which Requires Having a Deadly Weapon.

II. Defendant's Federal and State Constitutional Rights Against Unreasonable Searches and Seizures Were Violated, Requiring Exclusion of the Fruits of Those Violations at a New Trial.

III. The Trial Court Erred When It Denied Defendant's Motion for Acquittal under Crim.R. 29 Because the State Failed to Present Evidence to Establish the Elements of Aggravated Robbery Beyond a Reasonable Doubt.

IV. Defendant Received Ineffective Assistance of Counsel, Requiring a New Trial at Which He Receives Representation by the Counsel Guaranteed by the Sixth Amendment and Ohio Law.

ECF Doc. 8-1 at 50-51, 75-91. On May 31, 2018, the Ohio Court of Appeals affirmed Jackson's conviction and sentence. *State v. Jackson*, 2018-Ohio-2131 (Ohio App. Ct. 2018); ECF Doc. 8-1 at 113-32.

### C. Appeal to Ohio Supreme Court

On August 22, 2018, Jackson appealed to the Ohio Supreme Court. ECF Doc. 8-1 at 155-56. Jackson asserted two propositions of law:

I. An Acquittal on a Specification Is Inconsistent With a Verdict Convicting a Defendant of a Substantive Offense Charged in the Same Count of the Indictment Where the Specification has an Element in Common with the Underlying Substantive Offense.

II. A Facially Defective Arrest Warrant May Not Be Relied or Acted Upon in Good Faith.

4

ECF Doc. 8-1 at 160-61, 171-77. On November 7, 2018, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Jackson*, 2018-Ohio-4496 (Ohio Nov. 7, 2018); ECF Doc. 8-1 at 219.

## II.     Law & Analysis

To obtain a writ of habeas corpus, Jackson has the burden to prove that he is "in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). Additionally, Jackson must show that each claim he presents meets all the jurisdictional and procedural requirements to obtain merits review by the federal habeas court. *See*, *e.g.*, 28 U.S.C. § 2254(b) (exhaustion); 28 U.S.C. § 2244(d) (statute of limitations). I conclude that Jackson can't meet his burden to establish a right to federal habeas relief.

### A.     Procedural Default

Warden Morgan is correct that Jackson's sufficiency-of-the-evidence claim is procedurally defaulted because he never raised the issue on appeal to the Ohio Supreme Court. ECF Doc. 8 at 16-17. A claim is procedurally defaulted (and barred from federal habeas review) when, among other things, the petitioner failed to "fairly present" it to the state courts while remedies were still available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 843 (1999); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (petitioner must have asserted the same legal and factual basis for his claim at each stage of the state courts' review process). Review of the record confirms that Jackson never argued before the Ohio Supreme Court that insufficient evidence supported his conviction for aggravated robbery – leaving the legal and factual basis for such a claim unasserted. *Williams*, 460 F.3d at 806; ECF Doc. 8-1 at 160-61, 171-77. And, because the time to raise such a challenge has passed, Jackson's claim is procedurally defaulted.

*Williams*, 460 F.3d at 806; *see also* Ohio S. Ct. Prac. R. 7.01(A)(1) (a criminal defendant must appeal a decision affirming his conviction within 45 days).

Procedural default may be excused when the petitioner shows that: (1) an external factor that can't be fairly attributed to the petitioner caused the default and actual prejudice resulted from the alleged violation; or (2) denying review of a defaulted claim would result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Smith v. Warden, Toledo Corr. Inst.*, 780 F. App'x 208, 220-21 (6th Cir. 2019) (explaining that a "fundamental miscarriage of justice" requires the petitioner to show that his claim is based on new evidence that would reasonably have led jurors to conclude that he was actually innocent). But Jackson hasn't argued that any external cause prevented him from challenging the sufficiency of the evidence before the Ohio Supreme Court, and his argument before this court doesn't rely on new evidence of actual innocence. *See generally* ECF Doc. 1; *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) ("[A]ctual[] innocen[ce]" means "factual innocence, not mere legal insufficiency."). Thus, Jackson has not met his burden to overcome the procedural default of his sufficiency-of-the-evidence claim.

Accordingly, I will recommend that Jackson's sufficiency-of-the-evidence claim be DISMISSED as procedurally defaulted.

### B.    Sufficiency of the Evidence

Even if the court were to review Jackson's sufficiency-of-the-evidence claim, it would fail on the merits. When a criminal defendant alleges that the trial evidence was insufficient to support his conviction, the court must determine whether, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319

6

(1979). The sufficiency-of-the-evidence determination is based on *all* of the evidence, even if erroneously admitted. *McDaniel v. Brown*, 558 U.S. 120, 131 (2010). And when the sufficiency-of-the-evidence standard is filtered through the Antiterrorism and Effective Death Penalty Act's ("AEDPA") deferential standard, a federal habeas court must apply "double deference" – first to the jury's verdict and second to the state court's consideration of that verdict. *Davis v. Lafler*, 658 F.3d 525, 531-35 (6th Cir. 2011) (*en banc*); *see also* 28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86, 88, 98-99, 102-03 (2011); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable – a substantially higher threshold."). In other words, a federal habeas court must deny habeas relief so long as the state court *reasonably* determined that a *reasonable* juror could have found the essential elements of the offense from the evidence in the record beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Davis*, 658 F.3d at 531-35.

The Ohio Court of Appeals reasonably concluded that the jury reasonably found that an aggravated robbery occurred and that Jackson was criminally liable for it. *Jackson*, 443 U.S. at 319; *Davis*, 658 F.3d at 531-35; 28 U.S.C. § 2254(d). In this case, Jackson was charged as *both* the principal offender and an accomplice to the aggravated robbery, and the trial court accurately instructed the jury regarding the requirements of accomplice liability. ECF Doc. 8-1 at 86; *see also* Ohio Rev. Code § 2923.03 (complicity). At the very minimum, trial evidence demonstrated that Jackson cased the Hasanains at the casino and drove himself and Haynesworth to and from the Hasanain's home, where Haynesworth used a gun to steal $6,500 cash from the Hasanains. ECF Doc. 8-1 at 123-24. That was enough to find that Jackson was an accomplice to an aggravated robbery. Ohio Rev. Code § 2911.01(A)(1). It didn't matter whether Jackson

personally handled a gun. Because he acted in furtherance of the aggravated robbery, he was liable for the entire offense – including Haynesworth's acts in committing that offense. Ohio Rev. Code § 2923.03 (complicity); *see also State v. Blazo*, 2020-Ohio-4636 (Ohio App. Ct. 2020); *State v. Tipton*, 2006-Ohio-2066 (Ohio App. Ct. 2006); *State v. Foster*, 1989 Ohio App. LEXIS 4973 (Ohio App. Ct. Nov. 30, 1989). Further, Ohio law allows criminal defendants to be convicted of aggravated robbery without being convicted of related firearms specifications, *Browning v. State*, 120 Ohio St. 62, 71 (1929); *State v. Williams*, 2011-Ohio-5483 (Ohio App. Ct. 2011), and Jackson has not pointed to U.S. Supreme Court decision holding that the constitution requires acquittal on a principal offense when a defendant is acquitted of related firearms specifications, 28 U.S.C. § 2254(d)(1); *Early v. Packer*, 537 U.S. 3, 8 (2002) (AEDPA requires the petitioner to show that the state court's legal reasoning is inconsistent with Supreme Court precedent.). Therefore, Jackson cannot meet his burden to establish a meritorious sufficiency-of-the-evidence claim. 28 U.S.C. § 2254(d).

Accordingly, if the Court were to review Jackson's sufficiency-of-the-evidence claim on the merits, I would nevertheless recommend that it be DISMISSED as meritless.

**III.    Certificate of Appealability**

    **A.    Legal Standard**

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks the requirement of 28 U.S.C. § 2253(c)(3) that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)." Rule 11(a). In light of the Rule 11 requirement that the Court either grant or deny the certificate of appealability at

the time of its final adverse order, a recommendation regarding the certificate of appealability issue is included here.

Under 28 U.S.C. § 2253(c)(1)(A), this court will grant a COA for an issue raised in a § 2254 petition only if the petitioner has made a substantial showing of the denial of a federal constitutional right. *See Cunningham v. Shoop,* 817 F. App'x 223, 224 (6th Cir. Aug 24, 2020). A petitioner satisfies this standard by demonstrating that reasonable jurists "could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis,* 137 S. Ct. 759, 773 (2017) (quoting *Miller-El v. Cockrell,* 537 U.S. 322, 327, 336 (2003)); *see also Slack v. McDaniel,* 529 U.S. 473, 484 (2000). When a claim is denied on procedural grounds, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484.

**B. Analysis**

If the Court accepts my recommendations, Jackson will not be able to show that the Court's rulings on his claims are debatable among jurists of reason. Here, Jackson's sole claim must be dismissed because it is both procedurally defaulted and meritless. Because jurists of reason would not find debatable that habeas relief is not available on the sufficiency-of-the-evidence claim raised in Jackson's petition, I recommend that the Court decline to issue a certificate of appealability.

IV. **Recommendation**

Because Jackson's sole claim is procedurally defaulted and meritless, I recommend that Jackson's claim be DISMISSED and that his petition for writ of habeas corpus be DENIED. I further recommend that Jackson not be granted a certificate of appealability.

Dated: July 26, 2021

Thomas M. Parker
United States Magistrate Judge

---

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).